DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appellant Dayle A. Noll's appeal from the Lorain County Domestic Relations Court which found that appellant's second motion for lump sum judgment was barred from consideration on the grounds of res judicata. For the following reasons, we affirm the trial court.
 I. {¶ 2} The facts in this case are not in dispute. The parties were divorced on January 30, 1998, after a twenty-seven year marriage. Pursuant to the terms of the Judgment Entry of Divorce, appellee Carl F. Noll was ordered to pay the amount of $2,000.00 per month in spousal support. The court retained continuing jurisdiction over the support. Appellee has failed to pay any spousal support since January 2001.
 {¶ 3} Appellant has filed two motions with the trial court for arrearages in spousal support. On August 31, 2001, the court found appellee in arrearage for $13,338.53.[1] On January 14, 2003, the court liquidated spousal support arrearages as of October 11, 2003 in the amount of $43,938.53 and ordered sale of appellee's house to satisfy the arrearages.
 {¶ 4} After appellee failed to list the house, appellant moved the trial court for appointment of a receiver and for lump sum judgment. The court bifurcated the motion. The motion for lump sum judgment at issue here was heard by the court on May 30, 2003, and July 22, 2003. The court denied the motion on the grounds that appellant failed to meet her burden of proof because she failed to produce appropriate support agency records.
 {¶ 5} Appellant filed another motion for lump sum judgment on July 29, 2003. The trial court heard the motion on October 10, 2003 and December 2, 2003. At the time, appellant produced the records from the Lorain County Child Support Enforcement Agency and produced testimony from one of its supervisors.
 {¶ 6} On December 15, 2003, the trial court held that all arrearages that had accumulated prior to the last hearing on May 30, 2003, on the first motion for lump sum judgment were barred from being reduced to lump sum judgment on the grounds of res judicata. The court, however, stated that any arrearages from the time of the hearing, May 30, 2003, through the current hearing on December 2, 2003, could be reduced to judgment. The court entered a judgment against appellee in the amount of $14,000.00 for arrearages from May 31, 2003 through December 2, 2003.
 {¶ 7} Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in applying the doctrine of res judicata to appellant's motion for lump sum judgment of spousal support arrearage in that the doctrine of res judicata does not have application where the trial court has continuing jurisdiction over the matter of spousal support per the divorce decree and in accordance with section 3105.18(e)(1) of the Ohio revised code and the husband-appellee has been in continuous contempt and there have been prior arrearage determinations of spousal support by the trial court."
 {¶ 8} Res judicata bars all subsequent actions based upon any claims arising out of the occurrence that was the subject matter of the previous action. Kelm v. Kelm (2001), 92 Ohio St.3d 223, 227, 2001-Ohio-168. In this case, appellant argues that the doctrine of res judicata does not apply to spousal support cases in which the court retains continuing jurisdiction. This Court disagrees.
 {¶ 9} As the trial court correctly stated, res judicata bars revisiting an action on a matter already considered and decided. In re:Kelley (Dec. 15, 2000), 2nd Dist. 2000-CA-14.
 {¶ 10} In Butler v. Butler (Jan. 18, 1982), 11th Dist. No. 8-279, cited by the trial court, plaintiff filed a motion for lump sum judgment which was dismissed for want of prosecution under Civ.R. 41(B)(1), and the court ruled that plaintiff was precluded from filing a second motion for lump sum judgment on the grounds of res judicata.
 {¶ 11} Further, in Austin v. Payne (Feb. 11, 1998), 9th Dist. No. 97CA00677, we found that the doctrine of res judicata applied to avoid piecemeal litigation in the filing of subsequent actions to collect on arrearages, only part of which had been reduced to judgment. In that case, appellee sought a partial reduction of child support arrears to judgment. Appellant was in arrears for $9,803.79, but appellee sought a judgment only in the amount of $900.00. The court granted her motion and reduced $900.00 of the arrearage to judgment. She later brought another action to collect a further payment of the arrearage.
 {¶ 12} On appeal from the trial court's granting of appellee's motion for another payment, this Court found that res judicata precluded appellee from any further recovery. We held that the remainder of the arrearage could easily have been reduced to judgment the first time appellee applied for judgment. Id. Appellee's failure to do so barred her from recovery. See, also, Petralia v. Petralia, 11th Dist. No. 2002-L-047, 2003-Ohio-3867 (holding that the doctrine of res judicata prevented the father from re-litigating the issue of his voluntary underemployment).
 {¶ 13} In this case, we find that the trial court properly refused to reduce to lump sum judgment all arrearages which had accumulated prior to the last hearing on May 30, 2003, on the grounds that they are barred by res judicata. The matter had already been considered and ruled upon in appellant's first motion. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Assuming, arguendo, that the doctrine of res judicata applied as a defense to appellant-wife's motion for lump sum judgment, the trial court erred in, apparently, retroactively applying the doctrine of res judicata to prior court ordered determinations of spousal support arrearages."
 {¶ 14} In this case, the trial court held that all arrearages that had accumulated prior to the last hearing on May 30, 2003 were barred from being reduced to lump sum judgment. The trial court also reduced arrearages from May 31, 2003 through December 2, 2003, to lump sump judgment.
 {¶ 15} Appellant had had the court determine spousal support arrearages twice before: on August 31, 2001, the arrearages were determined to be $13,338.53 and on January 14, 2003, the arrearages were determined to be $43,938.53. Appellant claims that the trial court is improperly retroactively modifying a prior order of the court — in this case, the arrearages — by failing to grant a lump sum judgment for them. This Court finds this assignment of error is without merit. Appellant is confusing the determination of arrearages with the granting of a lump sum judgment.
 {¶ 16} Reducing arrearages to lump sum judgment allows the spouse to execute on the judgment. The Ohio Supreme Court "has held that even though a divorce decree is a final judgment, any unpaid and delinquent installments must be reduced to a lump-sum judgment before an execution can be levied upon the monies owing," Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 370, citing Roach v. Roach (1956), 164 Ohio St. 587. By refusing to grant lump sum judgment on those prior arrearages, the trial court is not modifying those arrearages in any way. As the trial court correctly noted, appellant may still seek payment of those arrearages by other means, such as by contempt proceedings.
 {¶ 17} The court's order only precludes appellant from using the remedy of lump sum judgment to execute on the arrearages. As appellant noted in her brief: "If res judicata has any applicability to the instant case, the only applicability would be to the `remedy' of motion for lump sum judgment itself; not the ability of wife to enforce her rights under the court's previous determinations of arrearages."
 {¶ 18} Appellant is correct. The trial court did not retroactively apply res judicata to its prior determinations of arrearages. Appellant may still pursue these arrearages through her remaining avenues of relief. Appellant's second assignment of error is overruled.
 III. {¶ 19} In conclusion, we find that the trial court properly refused to reduce to lump sum judgment any of appellant's arrearages prior to May 30, 2003, on the grounds that such claims are barred by res judicata. The trial court's order is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Boyle, J., Concur.
[1] Appellee appealed that decision, but this Court upheld the arrearages found by the trial court. Noll v. Noll, 9th Dist. Nos. 01CA007932 and 01CA007976, 2002 — Ohio — 4154.