IN RE DISQUALIFICATION OF FARMER.

STATE *v*. BROWN.

[Cite as *In re Disqualification of Farmer,* 139 Ohio St.3d 1202,

2014-Ohio-2046.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Spousal relationship*
*between a judge and a police officer—Disqualification not required when*
*spouse not involved in the case before the judge—Disqualification denied.*

(No. 14-AP-011—Decided March 18, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas

Case No. 2013CR1718.

_____

O'CONNOR, C.J.

{¶ 1} Kenneth W. Frame, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Kristin G. Farmer from presiding over any further proceedings in case No. 2013CR1718 in the Court of Common Pleas of Stark County.

{¶ 2} Frame requests Judge Farmer's disqualification because the judge is married to a sergeant in the Alliance Police Department who "is in a supervisory position over the officers who made the arrest in this case and are listed as witnesses for the trial."

{¶ 3} Judge Farmer has responded in writing to Frame's affidavit. The judge acknowledges that her spouse is a sergeant in the Alliance Police Department and explains that she has a practice of recusing herself from cases in which he has been involved. However, Judge Farmer denies that her husband supervised the arresting officers in the underlying case. Judge Farmer explains that her husband is a shift commander for the afternoon shift, and in that role, he

has supervisory authority over patrol officers only on the shift he is working. The incident involving defendant occurred during the midnight shift on her husband's regularly scheduled day off. Thus, Judge Farmer avers that "he was not in a supervisory position over the officers who made the arrest in the case." In addition, the judge explains that unless her husband or one of the arresting officers here works overtime on a different shift, her husband is not in a supervisory position over the officers involved in this case. To support her position, the judge submitted an affidavit from her husband, his payroll report for the time in question, and the police reports indicating the names of the Alliance police officers involved in defendant's arrest. Judge Farmer further affirms that she can be fair and impartial to defendant.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Farmer.

{¶ 5} Jud.Cond.R. 2.11(A)(2)(d) provides that a judge must disqualify himself or herself in any proceeding in which the judge knows that the judge's spouse is "[l]ikely to be a material witness in the proceeding." Judge Farmer avers that her husband was not an investigating officer in the underlying case and is not listed as a witness. Accordingly, Judge Farmer is not automatically disqualified from hearing the matter under Jud.Cond.R. 2.11(A)(2)(d).

{¶ 6} The Code of Judicial Conduct, however, also requires disqualification if the "judge's impartiality might reasonably be questioned." *See* Jud.Cond.R. 2.11(A). Frame alleges that the judge's husband is in a supervisory position over the officers who arrested defendant and are listed as witnesses. But Frame has offered only his affidavit to support this claim. In contrast, Judge Farmer has submitted documentation establishing that her husband did not supervise the officers at the time of defendant's arrest and that unless someone works overtime, the judge's husband does not have supervisory authority over those officers. In affidavit-of-disqualification proceedings, the burden falls on the

affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. On the record here, Frame's unsubstantiated allegation is insufficient to establish that the judge's husband is in a supervisory position over the arresting officers scheduled to testify in this case. *See, e.g., In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

**{¶ 7}** The question remains, however, whether the mere fact that the judge's spouse is a sergeant in the Alliance Police Department creates an appearance of impropriety disqualifying her from this case. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Given that the judge's husband was not involved in the investigation or arrest of defendant, given that Frame has not set forth any additional information about the substance of the arresting officers' potential testimony or their connection to Judge Farmer, and given Judge Farmer's assurances that she can be fair and impartial to defendant, the spousal relationship here is not enough to create a reasonable question about the judge's impartiality.

**{¶ 8}** This conclusion is consistent with Board of Commissioners on Grievances and Discipline Opinion No. 89-19 (June 16, 1989)—decided under the former Ohio Code of Judicial Conduct—which concluded that "nothing in the [former code] precludes a judge from sitting in cases involving a police

department which employs the judge's spouse." Instead, the opinion advised that a judge should make a "case-by-case determination" of whether the judge's spousal relationship creates an appearance of impropriety. The reasoning here is also in line with well-established Ohio precedent holding that a spousal relationship between a judge and a prosecutor who is not involved in the case before the judge does not automatically warrant disqualification of the judge. *See, e.g.*, *In re Disqualification of Carr*, 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294, ¶ 17 ("Where a judge is married to a prosecutor whose office is representing the state in a case before him or her, disqualification * * * is not required, as long as the judge's spouse has neither entered an appearance in the case nor participated in the preparation or presentation of the case"); *In re Disqualification of Bates*, 134 Ohio St.3d 1249, 2012-Ohio-6342, 984 N.E.2d 17, ¶ 9 (denying affidavit of disqualification when the affiant had not offered any evidence that the judge's spouse, who was also the county prosecutor, had participated in the preparation or presentation of the underlying case).

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Farmer.

———————————