[Cite as *In re P.M.H.*, 2019-Ohio-4908.]

STATE OF OHIO       )               IN THE COURT OF APPEALS
                    )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

IN RE: P.M.H.                     C.A. No.      18AP0057

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2018 JUV-G 000266

DECISION AND JOURNAL ENTRY

Dated: December 2, 2019

---

CALLAHAN, Presiding Judge.

{¶1} Appellant, T.H., appeals an order of the Wayne County Court of Common Pleas, Juvenile Division, that granted legal custody of her daughter P.M.H. to her father. This Court affirms in part and reverses in part.

## I.

{¶2} T.H. ("Mother") and C.P. ("Father") are the parents of P.M.H., who was four years old at the time of the trial court proceedings in this case. Mother and Father have never been married. In 2017, the parties obtained an administrative order for child support and medical support from the Wayne County Child Support Enforcement Agency ("CSEA") pursuant to R.C. 3111.81. One section of that administrative order also addressed parenting time:

> In addition to the findings and provisions stated in this Order, both parties have reviewed the Wayne County Juvenile Court's Standard Order of Parenting Time Local Rule 11. Both parties knowingly and voluntarily agree to be bound by the terms of this parenting time order until further order of the Court. The Standard Order of Parenting Time to which both parties agree and are bound is attached to this Administrative Order, incorporated by reference, and hereby made a part of

this Order. Both parties were informed that Wayne County Child Support Enforcement Agency cannot assist either party with modifying or enforcing any term in their parenting time order, but both parties have been made aware that they may privately file a motion in Wayne County Juvenile Court if either party wishes to modify or enforce the attached parenting time agreement.

CSEA moved the juvenile court to adopt and register the order, as required by R.C. 3111.83, and the juvenile court granted the motion.

{¶3} On March 30, 2018, Father filed a document entitled "MOTION BY FATHER TO CHANGE CUSTODY – MAKING FATHER THE CUSTODIAL PARENT." In the motion, which Father made by filling in blanks on a preprinted form prepared by the juvenile court, Father indicated that he was the noncustodial parent pursuant to the case number assigned to the registration of the administrative support order. Mother, in turn, filed a document entitled "MOTION FOR CHANGE OF PARENTING TIME (COMPANIONSHIP AND VISITATION) AND MEMORANDUM IN SUPPORT." Like Father's pleading, Mother's was produced using a form—a preprinted copy of Uniform Juvenile Form 5, approved by the Supreme Court of Ohio. Following a pretrial appearance, the magistrate recognized that "[t]he parties informed the court that they [had] a parenting time order from the Wayne County Child Support Enforcement Agency."

{¶4} During the subsequent hearing before the magistrate, Father confirmed that he was seeking custody of P.M.H. Both parents presented testimony related to the best interests of the child. The magistrate noted that the parties had agreed to a standard schedule of visitation as part of CSEA's administrative determination, but evaluated their respective motions as requests for an initial allocation of parental rights and responsibilities. The magistrate concluded that it was in the best interest of P.M.H. to name Father as the residential parent and to provide Mother with parenting time as provided by local rule. The magistrate also determined that

Mother should complete a parenting class and ordered her to pay child support to Father. The trial court entered judgment on the magistrate's decision pursuant to Juv.R. 40(D)(4)(e)(i). Mother filed objections, arguing that the magistrate erred by failing to consider whether there had been a change in circumstances; that even under a best-interests standard, Father should not have been given custody; that Mother should not be required to complete parenting classes; and that Mother should not have been ordered to pay child support. Mother also filed a motion for disqualification of the magistrate based on allegations arising from an unrelated hearing. Two months after filing her supplemental objections, Mother moved the trial court to hear additional evidence under Juv.R. 40(D)(4)(d), arguing that additional facts relevant to the custody determination had come to light once P.M.H. had started spending time with Father at his residence.

{¶5} The trial court denied Mother's motion to hear additional evidence, overruled her objections, and entered judgment consistent with its previous decision. Mother filed this appeal. Her five assignments of error are rearranged for purposes of discussion.

II.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING AND FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO HEAR ADDITIONAL EVIDENCE BEFORE RULING UPON OBJECTIONS.

{¶6} In her fifth assignment of error, Mother argues that the trial court erred by failing to conduct a hearing on her motion for additional evidence and, ultimately, by denying that motion before ruling on her objections.

{¶7} Juv.R. 40(D)(4)(d) requires a trial court to "undertake an independent review" of objections and permits a trial court to hear additional evidence as part of its consideration. The

Rule also provides, however, that the trial court "may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." *Id.* We review a trial court's decision not to hear additional evidence for an abuse of discretion. *See Blausey v. Blausey*, 6th Dist. Ottawa No. OT-18-039, 2019-Ohio-4506, ¶ 30; *Cox v. Cox*, 12th Dist. Warren No. CA2016-05-040, 2017-Ohio-1010, ¶ 18.

{¶8} This Court has concluded that Juv.R. 40(D)(4)(d) "contemplates that new events may arise or be discovered between the time of a magistrate's decision and a trial judge's final judgment, and the rule provides a mechanism for the introduction of such evidence in a timely manner." *In re A.S.*, 9th Dist. Summit No. 26462, 2013–Ohio–1975, ¶ 14–15. This Court has interpreted Civ.R. 53(D)(4)(d), which is identical to Juv.R. 40(D)(4)(d), to permit trial courts to consider "additional evidence" in the form of facts that were not in existence when a case was heard by the magistrate. *Morrison v. Morrison*, 9th Dist. Summit No. 27150, 2014-Ohio-2254, ¶ 27; *In re A.S.* at ¶ 14-15. *See also Maddox v. Maddox*, 1st Dist. Hamilton No. C-140718, 2016-Ohio-2908, ¶ 18-19.

{¶9} In the context of the allocation of parental rights and responsibilities, courts have also observed that requiring a party to file a motion for modification of parental rights does not substitute for hearing additional evidence before judgment is entered in the first instance. *See Maddox* at ¶ 20 ("[R]equiring [the father] to file a subsequent motion for modification" based on changed circumstances "would not be judicially economical, would place form over substance, and would not serve the best interest of the parties' children."). *See also Morrison* at ¶ 27-28. In this respect, this Court has concluded that both judicial economy and the best interests of a child are better served when a trial court considers new evidence that arises after a magistrate's

decision, but before final judgment, at a time when the custody decision can be modified without the need for further motions. *See In re A.S.* at ¶ 19-20.

{¶10}  In this case, Mother requested a hearing based on new evidence related to the best interest of P.M.H. in the trial court's determination of parental rights and responsibilities.  She noted in her motion concerns about the safety of Father's home and P.M.H.'s physical condition once parenting time with Father commenced after the magistrate rendered a decision.  In a separate pleading, Mother also requested, and was granted, the appointment of a guardian ad litem.  This additional evidence was relevant to the trial court's determination of the custody issues in this case and, as this Court noted in *In re: A.S.*, the best interests of P.M.H. and the interests of judicial economy would be better served by considering this evidence in the context of the custody determination than in the context of subsequent motions to modify custody, which were pending when the trial court entered judgment.  This Court takes no position on whether Mother's allegations are well-founded or regarding whether they would have an impact on the trial court's ultimate determination of this case.  We simply conclude that circumstances warranted a further hearing.  *See id.* at ¶ 27.  In light of our previous decisions in *Morrison* and *In re A.S.*, this Court concludes that the trial court erred by denying Mother's motion for the trial court to hear additional evidence under Juv.R. 40(D)(4)(d).

{¶11}  Mother's fifth assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING AND FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO DISQUALIFY.

{¶12} Mother's fourth assignment of error argues that the trial court erred by denying her motion to disqualify the magistrate without conducting a hearing on the motion. This Court disagrees.

{¶13} "Disqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court." Juv.R. 40(D)(6). Although this Court cannot review matters related to disqualification of a trial court judge, we review a trial court's determination of matters related to the disqualification of a magistrate for an abuse of discretion. *Lingenfelter v. Lingenfelter*, 9th Dist. Wayne No. 14AP0005, 2015-Ohio-4002, ¶ 10. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶14} Mother's first argument is that the trial court erred by failing to conduct a hearing on her motion to disqualify the magistrate. Although this Court has, on a prior occasion, concluded that a trial court abused its discretion by denying a similar motion without conducting a hearing, we did so "[i]n light of the record before us," which "raise[d] numerous questions that are not answered" about potential bias arising from the magistrate's relationship with persons connected to the litigation. *Lingenfelter* at ¶ 12, 16-17. In that case, the wife's motion to disqualify the magistrate alleged bias arising from the magistrate's relationship with husband's parents. *Id*. at ¶ 12. In a recorded discussion between the magistrate and counsel, the magistrate described that relationship, but the recording abruptly ended when the magistrate became aware that he was still on the record. *Id*. at ¶ 13. Further on-the-record comments reflected the magistrate's opinion of the wife. *Id*. This Court observed that in light of the fact that resolution

of the case rested heavily upon an assessment of credibility, the trial court abused its discretion by denying the motion to disqualify without a hearing to develop the record on the issues. *Id*. at ¶ 14, 16-17.

{¶15} In this case, Mother's motion to disqualify the magistrate was based solely on the magistrate's statements on the record during a hearing in which, Mother alleged, the magistrate demonstrated bias by providing Father with legal advice. Mother's motion did not point to any other conduct as evidence of bias or impartiality. Consequently, there are no concerns regarding an undeveloped and ambiguous record in this case, and this Court's decision in *Lingenfelter* is distinguishable on that basis.

{¶16} Mother's second argument is that the trial court abused its discretion by denying her motion to disqualify the magistrate. The Code of Judicial Conduct applies to magistrates as well as to judges. Jud.Cond.R. Application I(B). Judges—and, therefore, magistrates—must "uphold and apply the law, and * * * perform all duties of judicial office fairly and impartially." Jud.Cond.R. 2.2. Under Jud.Cond.R. 2.11(A), a judge "shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" This is an objective standard, requiring disqualification of a judge "if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, ¶ 8 (analyzing Canon 3(E)(1) of the former Code of Judicial Conduct).

{¶17} As evidence that the trial court abused its discretion, Mother points to the transcript of a contempt hearing conducted on September 25, 2018. The hearing was held to determine Father's motion for contempt, which alleged that Mother failed to comply with the trial court's order that determined he should be the residential parent of P.M.H. The magistrate

explained to Father that Mother's objections to the magistrate's decision, which were filed the day before the transfer of custody was to have occurred, stayed execution of that judgment by operation of Juv.R. 40(D)(4)(e)(i). Noting that the scope of Father's pro se contempt motion was unclear, the magistrate clarified that Father's contempt motion referred solely to that transfer of custody, dismissed the contempt on that basis, and informed Father that he would need to raise other instances of alleged contempt separately. Finally, the magistrate clarified that, going forward, the parties were following the visitation schedule previously established in the CSEA administrative order.

{¶18} The transcript of that proceeding does not demonstrate evidence that would lead a reasonable, objective observer to harbor serious doubts about the magistrate's impartiality. To the contrary, it demonstrates the magistrate's efforts to ensure that both parties to the proceeding understood the status of the case and to prevent future misunderstandings. The trial court did not abuse its discretion by denying Mother's motion to disqualify the magistrate.

{¶19} Mother's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION BY APPLYING R.C. 3109.042 AND BY FAILING TO CONSIDER WHETHER THERE WAS A CHANGE IN CIRCUMSTANCES, WHETHER MODIFICATION WAS NECESSARY TO SERVE THE BEST INTERESTS OF THE CHILD, WHETHER APPELLANT AGREED TO THE CHANGE IN THE DESIGNATION OF RESIDENTIAL PARENT, WHETHER THE CHILD WAS PLACED IN APPELLEE'S HOME BY APPELLANT, OR WHETHER THE HARM LIKELY TO BE CAUSED BY THE CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE BENEFIT OF THE CHANGE IN ENVIRONMENT TO THE CHILD PURSUANT TO R.C. 3109.04(E).

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT'S DECISION TO NAME APPELLEE RESIDENTIAL PARENT PURSUANT TO R.C. 3109.04 WAS AN ABUSE OF DISCRETION,

CONTRARY TO THE BEST INTERESTS OF THE CHILD, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT'S DECISION DENYING APPELLANT'S MOTION FOR CHANGE OF PARENTING TIME PURSUANT TO R.C. 3109.051 WAS AN ABUSE OF DISCRETION, CONTRARY TO THE BEST INTERESTS OF THE CHILD, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶20} In light of this Court's resolution of Mother's fifth assignment of error, her first, second, and third assignments of error are premature.

III.

{¶21} Mother's fifth assignment of error is sustained. Her fourth assignment of error is overruled. Her first, second, and third assignments of error are premature. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part. This matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TODD E. CHEEK, Attorney at Law, for Appellant.

C.P., pro se, for Appellee.