[Cite as *Hall v. Zimmerman*, 2021-Ohio-270.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JACK HALL

    Appellant

    v.

LYNN ZIMMERMAN

    Appellee

C.A. No.    20CA011639


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05 DU 064602

DECISION AND JOURNAL ENTRY

Dated: February 1, 2021

---

CALLAHAN, Presiding Judge.

{¶1} Appellant, Jack Hall, appeals an order of the Lorain County Court of Common Pleas, Domestic Relations Division, that modified his child support obligation. This Court affirms.

I.

{¶2} Jack Hall and Lynn Zimmerman divorced in 2006. They are the parents of two children, both of whom were minors at the time of the divorce. As part of the divorce decree, the trial court approved a shared parenting plan with respect to the minor children. In 2009, the parties resolved a dispute regarding child support by an agreement that provided Mr. Hall would pay $150.01 per month for each child, for a total of $300.02 per month. Four years later, Mr. Hall moved to terminate the shared parenting plan, arguing that Ms. Zimmerman had relocated to Cuyahoga County, which resulted in difficulty implementing the transportation schedule for their respective parenting times. The trial court denied that motion, but in doing so also increased Mr. Hall's child support obligation to $471.26 per month. Mr. Hall's child support obligation was

revised to $240.34 per month effective May 12, 2018, when one of the children reached the age of majority and graduated high school.

{¶3} On August 17, 2018, Mr. Hall moved to terminate the shared parenting plan again, arguing that a change to Ms. Zimmerman's employment had caused a substantial change in the parties' circumstances. On November 2, 2018, Ms. Zimmerman also moved to terminate the shared parenting plan and requested an order modifying Mr. Hall's child support obligation. Mr. Hall moved to modify his child support obligation on March 26, 2019. The trial court determined that all the motions related to parental rights and responsibilities and child support should be heard together.

{¶4} On the date of trial, the parties reached an agreement. According to the terms of their agreement, which were incorporated into an agreed judgment entry dated June 4, 2019, the parties agreed to dismiss their respective motions and to maintain the shared parenting plan with modifications. The agreed judgment entry did not address child support except for providing that the child's primary health insurance would be provided by Ms. Zimmerman's husband.

{¶5} Shortly thereafter, the Lorain County Child Support Enforcement Agency ("CSEA") issued an amended income withholding order that required Mr. Hall to pay additional child support in connection with a periodic review of his child support obligation.[1] It appears from the record that Ms. Zimmerman objected to the amount of that determination. Mr. Hall, who also objected to the CSEA determination, argued that modification of his child support obligation pursuant to that review was barred by the doctrine of res judicata. Following a hearing, the

---

[1] The complete record of the CSEA proceedings is not part of the trial court record. According to a withholding order that was subsequently attached as an exhibit to a document filed by Mr. Hall, he was paying $235.63 per month in child support, exclusive of fees, before the modification. Because the record of the CSEA proceedings is absent, other facts regarding the CSEA determination must be drawn from the transcript of a hearing before the magistrate.

magistrate rejected Mr. Hall's arguments, but also rejected CSEA's child support determination. Instead, the magistrate ordered Mr. Hall to pay $816.11 per month in child support as long as private health insurance was provided, effective September 1, 2018. The trial court entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i). Mr. Hall, who was appearing pro se, filed a motion to set aside the magistrate's decision. The trial court construed his motion as objections to the magistrate's decision. Mr. Hall then retained counsel, and the trial court granted leave to file a supplemental brief in support of the objections. On April 16, 2020, the trial court overruled Mr. Hall's objections to the magistrate's decision, adopted that magistrate's decision, and reiterated the previous judgment that Mr. Hall pay child support in the amount of $816.11 per month.

{¶6} Mr. Hall appealed. His two assignments of error are reversed for ease of analysis.

II.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED WHEN IT *SUA SPONTE* AND *EX PARTE* REVIEWED THE AUDIO RECORD OF THE MAY 31, 2019 HEARING THAT WAS NOT A PART OF THE RECORD.

{¶7} In his second assignment of error, Mr. Hall argues that the trial court erred by listening to an audio recording of a hearing that took place before the magistrate when the parties reached a settlement. This Court does not agree.

{¶8} The threshold issue with respect to Mr. Hall's argument is the nature of the audio recording. Mr. Hall maintains that it was not part of the record and, consequently, it was error for the trial court to consider it. "Proceedings before any court * * * may be recorded by stenographic means, phonogramic means, photographic means, audio electronic recording devices, or video recording systems." Sup.R. 11(A). *Compare* App.R. 9(A)(2) ("The trial court shall ensure that

all proceedings of record are recorded by a reliable method, which may include * * * [an] audio-recording device * * *."). Although audio recordings must be prepared in accordance with App.R. 9(A) for purposes of appeal, *see* Sup.R. 11(B), they are part of the trial court record that are maintained as directed by the trial court and may be accessed and referenced by the parties. Sup.R. 11(C)-(E).

{¶9} Given that the recording of the hearing before the magistrate was part of the trial court's record, the question becomes whether it was error for the trial court to consider it in the context of reviewing Mr. Hall's objections to the magistrate's decision. This issue is governed by the terms of Civ.R. 53(D)(4)(d), which provides:

> Action on Objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

By permitting trial courts to hear additional evidence, the Rule "contemplates that new events may arise or be discovered between the time of a magistrate's decision and a trial judge's final judgment, and * * * provides a mechanism for the introduction of such evidence in a timely manner." *In re A.S.*, 9th Dist. Summit No. 26462, 2013-Ohio-1975, ¶ 14 (analyzing identical provisions of Juv.R. 40 and Civ.R. 53). *See also In re P.M.H.*, 9th Dist. Wayne No. 18AP0057, 2019-Ohio-4908, ¶ 8 (observing that Civ.R. 53(D)(4)(d) "permits trial courts to consider 'additional evidence' in the form of facts that were not in existence when a case was heard by the magistrate.").

{¶10} The audio recording at issue in this case was part of the trial court's existing record, however, and was not "additional evidence" as contemplated by Civ.R. 53(D)(4)(d). Mr. Hall's

objection, which maintained that his child support obligation could not be modified as a result of the parties' agreement, was directly related to the hearing during which the parties presented that agreement to the magistrate. The trial court did not abuse its discretion by considering the recording of that hearing as part of the independent review that it was required to undertake pursuant to Civ.R. 53(D)(4)(d).

{¶11} Mr. Hall's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT AND SUPPORT MAGISTRATE ERRED WHEN THEY MODIFIED THE EXISTING CHILD SUPPORT ORDER IN VIOLATION OF THE DOCTRINE OF *RES JUDICATA*.

{¶12} In his first assignment of error, Mr. Hall has argued that the trial court erred by modifying his child support obligation. Specifically, he maintains that the parties' settlement agreement precluded modification of child support under the doctrine of res judicata. This Court does not agree.

{¶13} This Court reviews a decision regarding the modification of child support for an abuse of discretion. *See Seegert v. Seegert*, 9th Dist. Summit No. 28932, 2018-Ohio-5119, ¶ 8, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). *See generally Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5 (observing that this Court also reviews a trial court's actions with respect to a magistrate's decision for an abuse of discretion). When considering whether a trial court properly applied the doctrine of res judicata, however, this Court employs a de novo standard of review. *State ex rel. DeWine v. Helms*, 9th Dist. Summit No. 28304, 2017-Ohio-7148, ¶ 5, citing *Galvin v. Adkins*, 9th Dist. Lorain No. 08CA009322, 2008-Ohio-3202, ¶ 16.

{¶14} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. Res judicata incorporates the concepts of both claim preclusion and issue preclusion. *Id.* at 381. "With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7, citing *Grava* at 381. In addition, "an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit." *Id.*, citing *Grava* at 382. In both situations, the existence of a final judgment is a prerequisite to the application of res judicata. "A judicially approved settlement agreement that includes a dismissal of the action with prejudice is considered a final adjudication on the merits, and res judicata will apply to bar any further action on the same issue." *McAdams v. Mercedez-Benz USA, L.L.C.*, Slip Opinion No. 2020-Ohio-3702, ¶ 22.

{¶15} In divorce cases, however, the doctrine of res judicata "should not be applied strictly" in some contexts. *Kelm v. Kelm*, 92 Ohio St.3d 223, 227 (2001). *See also Singer v. Dickinson*, 63 Ohio St.3d 408, 412-414 (1992). Orders that allocate parental rights and responsibilities, for example, can be modified by the trial court. *Kelm* at 227. For that reason, they are "never absolutely final," and the "application of res judicata [is] impractical." *Id.* "[I]n the area of custody and visitation, we sacrifice finality and some of our limited judicial resources in order to secure a higher value—the best interests of children." *Id.* Like the allocation of parental rights and responsibilities, child support is subject to modification and, as a general rule, res judicata does not apply unless a motion seeks to revisit an issue previously considered and decided

by the trial court. *See Flege v. Flege*, 12th Dist. Butler No. CA2003-05-111, 2004-Ohio-1929, ¶ 32; *Petralia v. Petralia*, 11th Dist. Lake No. 2002-L-047, 2003-Ohio-3867, ¶ 5-15; *In re Kelley*, 2d Dist. Champaign No. 2000-CA-14, 2000 WL 1838760, *3 (Dec. 15, 2000). *Compare Noll v. Noll*, 9th Dist. Lorain No. 04CA008425, 2004-Ohio-7191, ¶ 8-13 (applying res judicata to a motion to reduce a spousal support arrearage to judgment when the substance of the motion had been considered in the context of a previous motion).

{¶16}  According to Ms. Zimmerman, she informed CSEA of a change in her income on or about July 1, 2018.  CSEA appears to have initiated a periodic review of Mr. Hall's child support obligation in response to the information that Ms. Zimmerman provided.  In an affidavit filed in support of his objections to CSEA's determination, Mr. Hall averred that in August 2018, CSEA informed him that its administrative review would be held in abeyance until his own motion to modify child support was resolved.  Ms. Zimmerman filed her motion to modify child support approximately two months later.  It is therefore apparent that Mr. Hall knew that CSEA had initiated an administrative review of his child support obligation throughout the course of the proceedings and, indeed, at the time that the settlement agreement was negotiated.

{¶17}  Nevertheless, the agreed judgment entry—which Mr. Hall acknowledges that he prepared in conjunction with his attorney—is silent regarding child support.  In support of his argument that the settlement was intended to freeze his child support obligation at its then-current level, Mr. Hall's affidavit averred that "the concessions agreed to by the parties were indeed in consideration for no further modification to child support[.]"  Mr. Hall's appellate brief correctly emphasizes that a trial court speaks only through its journal entries. *See, e.g., Finley & Sons Builders, Inc. v. Cross*, 9th Dist. Summit No. 23738, 2007-Ohio-7037, ¶ 7, quoting *Radcliff v. Steen Elec., Inc.*, 164 Ohio App.3d 161, 2005-Ohio-5503, ¶ 56 (9th Dist.), quoting *State ex rel.*

*Indus. Comm. v. Day*, 136 Ohio St. 477 (1940), paragraph one of the syllabus. His arguments, however, rely on representations about the parties' settlement negotiations and their intentions that go beyond the text of the agreed judgment. To the extent that this Court could consider these arguments, we note that Mr. Hall has not provided a transcript of the hearing that preceded the agreed judgment. *See generally* App.R. 9(B)(1).

{¶18} CSEA has the ongoing responsibility to conduct periodic administrative reviews of child support orders. *See* R.C. 3119.60 et seq.; Ohio Adm.Code 5101:12-60-05 et seq. Res judicata did not prevent CSEA from doing so in this case, nor did the application of res judicata prevent the trial court from modifying Mr. Hall's child support obligation in the course of considering the parties' objections to CSEA's administrative determination. Given the nature of the agreed judgment entry that resolved the parties' dispute regarding parental rights and responsibilities, there is also no basis under which this Court can conclude that issues surrounding Mr. Hall's child support obligation were considered and resolved in the course of the settlement. Accordingly, Mr. Hall's argument that application of res judicata prevented the trial court from modifying his child support obligation is not well-taken.

{¶19} Mr. Hall's first assignment of error is overruled.

### III.

{¶20} Mr. Hall's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

LYNN ZIMMERMAN, pro se, Appellee.