DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellants, Jeffrey and Nancy Cross, appeal from the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal.
 I. {¶ 2} On May 20, 2005, Appellee, Finley Sons Builders, Inc. ("Finley"), filed its complaint against the Crosses for breach of contract, an action of account, fraud, and foreclosure on a mechanic's lien. The Crosses counterclaimed against Finley, alleging breach of contract, violations of the Consumer Sales Practices Act ("CSPA") and the Home Sales Solicitation Act ("HSSA"). Shortly before the scheduled trial date, Finley filed two separate *Page 2 
motions in limine. In those motions, Finley sought to preclude the Crosses from introducing evidence of violations of the CSPA and the HSSA.
 {¶ 3} On the day the trial was to begin, May 1, 2007, the trial court granted Finley's oral motion to dismiss each of its claims except the breach of contract action. In addition, the trial court orally converted Finley's motions in limine to motions for summary judgment. The trial court then granted Finley's motions for summary judgment on the Crosses' CSPA and HSSA claims. The remaining breach of contract actions were then presented to a jury. The jury returned a verdict in favor of Finley on both breach of contract actions and awarded Finley $84,273.46 in damages. The Crosses timely appealed this judgment, raising five assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRONEOUSLY CONVERTED THE PLAINTIFF'S MOTIONS IN LIMINE TO MOTIONS FOR SUMMARY JUDGMENT."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRONEOUSLY GRANTED PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED VIOLATIONS OF THE HOME SOLICITATION SALES ACT."
 ASSIGNMENT OF ERROR III *Page 3 "THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT BASED ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED VIOLATIONS OF THE HOME SOLICITATION SALES ACT."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRONEOUSLY GRANTED PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY OF ALLEGED VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT."
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT BASED ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY OF ALLEGED VIOLATIONS OF THE CONSUMER SALES PRACTICE ACT."
 {¶ 4} In each of their five assignments of error, the Crosses challenge the trial court's decision which granted summary judgment on their CSPA and HSSA claims. This Court finds that we lack jurisdiction to consider those challenges.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. We are required to sua sponte raise issues regarding our jurisdiction. Whitaker-Merrell Co. v. GeupalConstr. Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 6} In the instant matter, the trial court's journal entry disposes of Finley's breach of contract action and the Crosses' breach of contract action. Moreover, that entry contains Civ.R. 54(B) language. Consequently, with respect *Page 4 
to those two claims, the entry is final and appealable. The Crosses, however, do not challenge the trial court's decision with respect to those two claims.
 {¶ 7} The trial court's use of Civ.R. 54(B) language does not make an otherwise nonfinal order final. Noble v. Colwell (1989),44 Ohio St.3d 92, 96. The court's journal entry contains no reference to its prior grant of summary judgment. A full review of the trial court's docket reveals that this grant of summary judgment has never been journalized. It is well settled that "a court speaks only through its journal entries, and not through mere oral pronouncements." Radcliff v. SteenElec, Inc., 9th Dist. No. 22407, 2005-Ohio-5503, at ¶ 56, quotingState ex rel. Indus. Comm. v. Day (1940), 136 Ohio St. 477, paragraph one of the syllabus.
 "Before this court can exercise its appellate jurisdiction to review any case, we must find that the order being appealed is * * * issued by a `court of record; ' that is, signed by the court and journalized[.]" Harkai, 136 Ohio App.3d at 219.
As the trial court failed to journalize its judgment with respect to the Crosses' CSPA and HSSA claims, no final, appealable order exists as it relates to those claims. See Mellino v. Charles Kampinski Co.,L.P.A., 8th Dist. No. 85090, 2005-Ohio-2000 (finding that a judgment entry which did not incorporate an oral dismissal did not result in a final, appealable order). This Court, therefore, lacks jurisdiction to address the Crosses' assignments of error.
 III. *Page 5 {¶ 8} This Court lacks jurisdiction to address the Crosses' alleged errors. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1