[Cite as *First Horizon Home Loans v. Fanous*, 2011-Ohio-4237.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95924**

## FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK, N.A.

PLAINTIFF-APPELLANT

vs.

## MOHSEN FANOUS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-692595

**BEFORE:** Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

**ATTORNEYS FOR APPELLANT**

David F. Hanson
David Bokor
John Codrea
Matthew Curry
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio    43216-5028


**ATTORNEY FOR APPELLEES**

Dominic J. Vannucci
22649 Lorain Road
Fairview Park, Ohio    44126


**ALSO LISTED**

Mortgage Electronic Registration Systems, Inc.
1901 East Voorhees Street
Suite C
Danville, Illinois    61834


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, First Horizon Loan Corporation ("First Horizon"), appeals the judgment of the common pleas court denying its motion for relief from judgment.   After careful review of the record and relevant case law, we affirm.

{¶ 2} This foreclosure action stemmed from a mortgage transaction between lender, First Horizon, and defendants-appellees, Mohsen Fanous and Brenda Fanous.   The Fanouses were the record title holders of the real

property located at 8112 Denison Avenue, Cleveland, Ohio 44102, parcel no. 006-25-082 ("the Property"). On September 30, 2005, Mohsen Fanous signed and delivered to First Horizon a promissory note in the original principal amount of $53,700 ("the Note"). Contemporaneously, to secure the payment of the Note, Fanous signed and delivered a mortgage on the Property ("the Mortgage") to First Horizon. The Mortgage was recorded on September 30, 2005 with the Cuyahoga County Recorder's Office and remains a valid mortgage lien on the Property.

**{¶ 3}** On May 12, 2009, appellant filed a complaint for foreclosure after the Fanouses failed to make payments under the terms of their Note and Mortgage. On November 9, 2009, appellant filed a motion for summary judgment.

**{¶ 4}** On December 20, 2009, First Horizon and Mohsen Fanous entered into a forbearance agreement whereby the past due payments were to be paid in six installments of $400 each, with a balloon payment of $16,991.52 due on July 15, 2010. The purpose of the forbearance agreement was to cure the default and prevent acceleration of the Note and Mortgage.

**{¶ 5}** On January 8, 2010, appellant gave the trial court notice of the forbearance agreement and requested that the court retain jurisdiction to enforce the agreement and reinstate the foreclosure in the event of default. The court, however, dismissed the case with prejudice on January 21, 2010, stating:

**{¶ 6}** "Court notified that parties have entered into a forbearance agreement. Case is hereby settled and dismissed with prejudice. The court deems cases settled and dismissed when the parties in interest enter a new contract which is separate and distinct from the original and requires new consideration or has new terms."

**{¶ 7}** Thereafter, the Fanouses failed to make a single payment in compliance with the forbearance agreement. On May 19, 2010, First Horizon filed a motion with the trial court to enforce the forbearance agreement. However, the trial court denied the motion following a hearing.

**{¶ 8}** On September 23, 2010, First Horizon moved for relief from the trial court's dismissal of the foreclosure action on January 21, 2010 pursuant to Civ.R. 60(B)(4). On September 29, 2010, the court denied the motion without a hearing, stating the following:

**{¶ 9}** "Plaintiff's motion for relief from final order dismissing case with prejudice filed on 9/23/10 is denied. Court notified that the parties have entered into a forbearance agreement. The court deems cases settled with prejudice when parties to the mortgage agreement, or parties with an interest in the subject property, enter a forbearance agreement. A forbearance agreement is a separate and distinct contract from the original mortgage because different/additional terms alter the parties' rights and obligations under the original mortgage and because additional consideration is required. A forbearance agreement is, therefore, no different than other settlement

agreements. Plaintiff's remedy for breach of the new agreement would be to file a separate foreclosure based on that agreement and its new terms and conditions."

{¶ 10} First Horizon now appeals, raising two assignments of error for review:

{¶ 11} I. "The trial court erred in determining that no meritorious defense was raised sufficient for Civ.R. 60(B) relief."

{¶ 12} II. "The trial court abused its discretion in dismissing plaintiff-appellant's Civ.R. 60(B) motion without conducting an evidentiary hearing, despite the presentment of operative facts that would warrant such relief."

### Law and Analysis

### Civ.R. 60(B)

{¶ 13} In its first assignment of error, First Horizon argues that it is entitled to relief from the trial court's judgment dismissing the case with prejudice on January 21, 2010. For the reasons forthcoming, we disagree.

{¶ 14} When reviewing the denial of a motion for relief from judgment, an appellate court applies an abuse of discretion standard of review. *Shuford v. Owens*, Franklin App. No. 07AP-1068, 2008-Ohio-6220, ¶15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶15. An abuse of discretion connotes that the court's attitude is

arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 15} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 16} First Horizon contends that it is entitled to relief from the trial court's January 21, 2010 judgment pursuant to Civ.R. 60(B)(4), which provides relief when "it is no longer equitable that the judgment should have prospective application." First Horizon argues that it is no longer equitable for the trial court's dismissal of the initial foreclosure action with prejudice to have prospective application because it effectually precludes First Horizon from refiling its foreclosure action against the Fanouses based on the Fanouses' breach of the forbearance agreement.

{¶ 17} The record reflects that the trial court dismissed the initial foreclosure action with prejudice based on the parties' decision to enter into a forbearance agreement. As stated by the trial court, the forbearance agreement constituted a new contract, separate and distinct from the initial mortgage. Therefore, the trial court's dismissal of the initial foreclosure action with prejudice does not preclude First Horizon from filing an action for

breach of the forbearance agreement, and that agreement includes language that allows First Horizon to foreclose on the property in a subsequent action.

{¶ 18} In light of First Horizon's available remedies at law, we find that First Horizon has failed to establish that it is no longer equitable for the judgment to have prospective application. See *Ransome v. Lampman* (1995), 103 Ohio App.3d 8, 658 N.E.2d 313. Having found that First Horizon has failed to meet a prong of the *GTE* test, we find the trial court's denial of First Horizon's motion to vacate pursuant to Civ.R. 60(B)(4) did not constitute an abuse of discretion. First Horizon's first assignment of error is overruled.

### Civ.R. 60(B) Hearing

{¶ 19} In its second assignment of error, First Horizon argues that it was entitled to a hearing on its Civ.R. 60(B)(4) motion. However, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362.

{¶ 20} In this matter, we find that First Horizon failed to put forth any evidence or allege any operative facts that would warrant relief under Civ.R. 60(B)(4). First Horizon's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR