[Cite as *Ott Equip. Servs., Inc. v. Summit Automotive Equip.*, 2015-Ohio-4263.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OTT EQUIPMENT SERVICES INC.

    Appellee

v.

SUMMIT AUTOMOTIVE EQUIPMENT,
et al.

    Appellants

C.A. No.      27534

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV-2012-03-1271

DECISION AND JOURNAL ENTRY

Dated: October 14, 2015

MOORE, Judge.

{¶1} Defendant-Appellant Christopher Sunkin, dba Summit Automotive Equipment appeals the entry of the Summit County Court of Common Pleas. We vacate the September 5, 2014 entry.

I.

{¶2} In 2011, Plaintiff-Appellee Ott Equipment Services, Inc. ("Ott") filed a complaint against Summit Automotive Equipment for account, conversion, and quantum meruit in Stark County. Ott alleged that Summit Automotive Equipment purchased certain equipment valued at $59,148.75 from Hunter Engineering Company ("Hunter") through Ott, Hunter's distributor. The equipment was shipped to Summit Automotive Equipment's client, AT&T. Ott paid Hunter for the equipment and Summit Automotive Equipment failed to pay Ott.

{¶3} Mr. Sunkin, dba Summit Automotive Equipment answered and filed counterclaims. Mr. Sunkin alleged that Summit Automotive Equipment entered into a contract

with Hunter, not Ott and that Hunter delivered the equipment to AT&T. According to Mr. Sunkin, Ott revealed Mr. Sunkin's confidential pricing information to AT&T, causing AT&T to terminate its relationship with Summit Automotive Equipment. Thus, Mr. Sunkin alleged that Ott tortiously interfered with Mr. Sunkin's business relationship with AT&T and committed negligence.

{¶4} Following a motion to transfer for improper venue, the matter was transferred to Summit County in 2012. Shortly thereafter, Ott was granted leave to file an amended complaint; the amended complaint corrected the Defendant's designation to that of Christopher Sunkin, dba Summit Automotive Equipment and added a claim for replevin.

{¶5} Mr. Sunkin filed a motion for summary judgment seeking judgment as to the complaint. Ott opposed the motion asserting genuine issues of material fact remained. Ott thereafter filed a motion seeking summary judgment on the counterclaims, which was opposed by Mr. Sunkin, who began representing himself pro se. The trial court ultimately denied both motions. Ott filed a motion for reconsideration with respect to the counterclaims, but the trial court denied the motion.

{¶6} On June 4, 2014, the trial court entered an order stating:

Having been advised that the parties have reached an agreement in this case, the Court orders this matter to be marked "SETTLED and DISMISSED[.]"

This is a final order pursuant to Rule 7(A), Rules of the Superintendence for Courts of Common Pleas, with costs to be split between [Ott] and [Mr. Sunkin] unless another order is filed within 30 days by the attorneys for [Ott] or [Mr. Sunkin].

{¶7} On August 15, 2014, Ott filed a "Motion to Order Judgment[,]" seeking to enforce the terms of the settlement agreement and asserting that Mr. Sunkin breached the terms of that agreement. On August 19, 2014, Ott filed a "Nunc Pro Tunc Motion to Order Judgment[,]" and

this time also filed a copy of the settlement agreement. Mr. Sunkin opposed the motion and moved to strike it.

{¶8} On September 5, 2014, the trial court found that Mr. Sunkin "failed to make any payments as required under the Settlement Agreement" and ordered him to pay $25,000 plus costs.

{¶9} Mr. Sunkin, has appealed, pro se, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE FACTS IN EVIDENCE WHEN RENDERING ITS DECISION OF JUDGMENT[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE AND CONSIDER THE PARTIES' SETTLEMENT AGREEMENT AS A CONTRACT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO CONSIDER IF OTT ACTED UNDER THE STANDARDS OF GOOD FAITH AND FAIR DEALING IN FAILING TO NOTIFY [MR.] SUNKIN OF THE LACK OF RECEIPT OF PAYMENT[.]

{¶10} All of Mr. Sunkin's assignments of error relate to the merits of the trial court's decision granting judgment to Ott in the amount of $25,000 and enforcing the settlement agreement. However, because we conclude that the trial court lacked jurisdiction to enforce the settlement agreement, we conclude that its September 5, 2014 judgment is void and vacate it.

{¶11} "A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation. The law highly favors settlement agreements, and a trial judge generally has discretion to promote and encourage settlements to prevent litigation. Because a settlement

agreement constitutes a binding contract, a trial court has authority to enforce the agreement in a pending lawsuit." (Internal citations omitted.) *Infinite Security Solutions, L.L.C. v. Karam Properties, II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 16.

{¶12} In *Infinite Security Solutions,* the Supreme Court of Ohio grappled with whether, and if so, under what circumstances, trial courts have jurisdiction to enforce settlement agreements after a dismissal entry has been filed in the case. *See id.* at ¶ 1. Previously, the Supreme Court had concluded that, "a trial court loses authority to proceed when it unconditionally dismisses a case." *Id.* at ¶ 21. Thus, many appellate courts began to focus on whether a dismissal was "conditional[.]" *See id.* A "conditional" dismissal was described "as a dismissal that depends on a stated event, like compliance with a settlement agreement, the failure of which will trigger a resurrection of the court's jurisdiction." *Id.* at ¶ 19. However, the Supreme Court rejected the idea of "conditional" dismissal. *Id.* at ¶ 2. The Court noted that "the Ohio Rules of Civil Procedure do not provide for a conditional dismissal. Instead, Civ.R. 41 provides for voluntary or involuntary dismissals and for dismissals with or without prejudice." *Id.* at ¶ 22. Nonetheless, the high court concluded that, "as a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case." *Id.* at ¶ 25. Thus, the Supreme Court of Ohio held that, "[a] trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Id.* at syllabus.

{¶13} Here, as recited above, the trial court's June 4, 2014 entry provided that:

Having been advised that the parties have reached an agreement in this case, the Court orders this matter to be marked "SETTLED and DISMISSED[.]"

This is a final order pursuant to Rule 7(A), Rules of the Superintendence for Courts of Common Pleas, with costs to be split between [Ott] and [Mr. Sunkin] unless another order is filed within 30 days by the attorneys for [Ott] or [Mr. Sunkin].

{¶14} There is nothing in the entry that incorporates the terms of the settlement agreement or expressly states that the trial court was retaining jurisdiction to enforce the agreement. *See Infinite Security Solutions, L.L.C.* at syllabus. The Supreme Court noted that, "[n]either the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms." *Id.* at ¶ 29. Thus, "[a]bsent a clear indication that the trial court intends to retain jurisdiction to enforce the parties' settlement agreement, parties must be entitled to rely on the finality of the court's action, subject to any right the plaintiff may have to refile the claims." *Id.* at ¶ 30.

{¶15} We cannot say that the trial court's June 4, 2014 entry complies with the foregoing. While the parties might point to the second sentence of the trial court's entry as some attempt by the trial court to retain jurisdiction, that language fails to comport with the requirements set forth in the syllabus of *Infinite Security Solutions, L.L.C.* Moreover, the language used is somewhat ambiguous and confusing; we are not even certain of the purpose of the second sentence. Assuming without deciding, that the second sentence was an attempt "to condition its dismissal on the parties' filing of a later entry[.]" the time period for filing such an entry expired before Ott filed a motion requesting enforcement of the settlement agreement. *See id.* at ¶ 32.

{¶16} Accordingly, the trial court lacked jurisdiction to take further action in the case and could not grant Ott's motion to enforce the settlement agreement. *See Smith v. Nagel,* 9th Dist. Summit No. 22664, 2005-Ohio-6222, ¶ 6; *see also Infinite Security Solutions, L.L.C.* at ¶ 26

(citing *Smith* with approval). Thus, the September 5, 2014 entry of the trial court is void and must be vacated. Therefore, Mr. Sunkin's assignments of error are not properly before us. *See Hairline Clinic, Inc. v. Riggs-Fejes,* 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 12.

### III.

**{¶17}** The September 5, 2014 judgment of the Summit County Court of Common Pleas is vacated.

Judgment vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CHRISTOPHER T. SUNKIN, pro so, Appellant.

J. REID YODER and BENJAMIN R. SORBER, Attorneys at Law, for Appellee.