[Cite as *Chase Home Fin., L.L.C. v. Keys*, 2016-Ohio-17.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102045**

# CHASE HOME FINANCE, L.L.C.

PLAINTIFF-APPELLEE

vs.

# MICHELLE KEYS, INDIVIDUALLY, ETC., ET AL.,

DEFENDANTS-APPELLANTS

**JUDGMENT:**
VACATED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-737885

**BEFORE:**  Blackmon, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  January 7, 2016

**ATTORNEYS FOR APPELLANTS**

David A. Schaeffer
Danielle G. Garson
McCarthy Lebit Crystal & Liffman Company
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Bill L. Purtell
Cynthia Fischer
Lerner, Sampson & Rothfuss
120 E. 4th Street
Suite 800
Cincinnati, Ohio 45202

Stacy L. Hart
Susan E. Mandryk
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellants Michelle Keys (Keys), individually and as administrator of the estate of Dolores Thomas (Thomas), et al., appeal the trial court's denial of Keys's motion to enforce a settlement agreement against plaintiff-appellee Chase Home Finance, L.L.C. (Chase). Keys assigns two errors for our review, which will be addressed together.

> I. The trial court erred as a matter of law when it denied Mr. and Ms. Keys's motion to enforce the settlement agreement.
>
> II. The trial court abused its discretion when it ignored the unrebutted evidence and denied Mr. and Ms. Keys's motion to enforce the settlement agreement.

{¶2} Having reviewed the record and pertinent law, we vacate the trial court's ruling for lack of jurisdiction. The apposite facts follow.

## Facts and Procedural History

{¶3} The dispute between the parties to this case began in 2008, when Chase filed two foreclosure actions on two residential properties owned by Thomas. In 2009, the parties entered a forbearance agreement. In 2010, Thomas passed away, and title to the properties was transferred to Keys. Chase subsequently pursued foreclosure of the properties against Keys.

{¶4} The issue before this court specifically concerns another forbearance agreement that Chase and Keys entered into in June 2011. Keys agreed to make five monthly payments of $385 each, and Chase agreed to postpone foreclosure proceedings

on one of the properties at issue located in Cleveland Heights. As a result of this forbearance agreement, and per the trial court's standing case management directive, Chase's claims against Keys were dismissed without prejudice on July 14, 2011, and Keys dismissed her counterclaim against Chase without prejudice on July 26, 2011.

{¶5} On April 22, 2013, Keys filed a motion to enforce the settlement agreement, arguing that Chase refused to honor an alleged oral modification to the forbearance agreement. Specifically, Keys argued that immediately after the terms of the forbearance agreement were memorialized in writing, counsel for the parties had a conversation near the 10th floor elevators of the Justice Center (the Elevator Conversation), in which counsel for Chase "expressed to both defense counsel that if Mrs. Keys made the five forbearance payments in a timely manner, that * * * the lender would agree to execute a Loan Modification and/or Assumption."

{¶6} The court denied Keys's motion to enforce the settlement agreement on jurisdictional grounds on April 24, 2013. Keys appealed, and this court found that the trial court retained jurisdiction, reversed the trial court's ruling, and remanded the case to hold "an evidentiary hearing to determine if an enforceable settlement exists." *Chase Home Finance, L.L.C. v. Keys*, 8th Dist. Cuyahoga No. 99920, 2014-Ohio-2639, (*Keys I*). On remand, the trial court held an evidentiary hearing, and on September 19, 2014, the court denied Keys's motion to enforce settlement agreement, finding that Keys failed to show, by a preponderance of the evidence, that the Elevator Conversation was an

enforceable modification to the forbearance agreement. It is from this order that Keys appeals.

## Standard of Review

{¶7} We address Keys's allegations of error together under a mixed standard of review. *Compare Continental W. Condo. Unit Owners Assn v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996) (when the issue regarding a motion to enforce settlement agreement "is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or misconstruction of the law") *with Tabbaa v. Koglman*, 8th Dist. Cuyahoga No. 84539, 2005-Ohio-1498, ¶ 15 ("[b]ecause the instant case involves factual determinations by the trial court as to the parties' intent surrounding a settlement agreement, * * * the applicable standard of review is an abuse of discretion * * *").

## Whether the Oral Modification to the Forbearance Agreement Is Enforceable

{¶8} A settlement agreement falls within the purview of contract law and requires an offer, acceptance, consideration, and a meeting of the minds to be binding. *Prime Properties, Ltd. Partnership v. Badah Ents*., 8th Dist. Cuyahoga No. 99827, 2014-Ohio-206. "[A]n oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract. Terms of an oral contract may be determined from 'words, deeds, acts, and silence of the parties.'" *Id*. at ¶ 8, quoting *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58.

{¶9} A forbearance agreement is "a separate and distinct contract from the original mortgage [and] is, therefore, no different than other settlement agreements." *First Horizon Home Loans v. Mohsen Fanous*, 8th Dist. Cuyahoga No. 95924, 2011-Ohio-4237, ¶ 9. A forbearance is "a delay in enforcing * * * debts, rights of action, rights, privileges, claims or obligations." (Citation omitted.) *HomEq Servicing Corp. v. Schwamberger*, 4th Dist. Scioto No. 07CA3146, 2008-Ohio-2478, ¶ 19. Forbearance means "[r]efraining from doing something that one has a legal right to do." *Black's Law Dictionary* 644 (6th Ed.1990).

{¶10} The forbearance agreement in the instant case states that Chase would postpone foreclosure proceedings if Keys made five monthly payments of $385 from August 1 through December 1, 2011. Other than postponing foreclosure proceedings, Chase retained its legal rights and remedies to pursue a foreclosure action against Keys. The forbearance agreement at issue expressly states, in pertinent part, as follows:

> The payments required in this Agreement to postpone foreclosure proceedings may not be sufficient to satisfy the regular monthly payments required by the loan documents. Therefore it is likely that the loan will still be in default after [Keys] makes all payments required by this Agreement. * * * [Keys] acknowledges that this Agreement may not cure the default. * * * Except as provided in this Agreement, the terms of the original note, mortgage/deed of trust and other loan documents remain in full force and effect. * * * This Agreement cannot be amended without the written consent of both parties.

{¶11} Despite agreeing to these terms, Keys argues that the Elevator Conversation is an enforceable modification to the forbearance agreement, which Chase allegedly breached by pursuing foreclosure. It is undisputed that the Elevator Conversation was

not memorialized in writing and that its terms are inconsistent with the terms of the written agreement.

{¶12} The parties raise and argue various legal theories in favor of and against enforcement of the Elevator Conversation as an oral modification to the prior written forbearance agreement. These theories include statute of frauds, partial performance, promissory estoppel, unclean hands, unrebutted testimony, sufficiency of the evidence, implied or apparent authority, and ratification. Because we find that the trial court lacked jurisdiction to enforce the settlement agreement, we need not address those issues.

{¶13} Although in *Keys I* we remanded this case to the trial court for an evidentiary hearing on the enforceability of the forbearance agreement, the Ohio Supreme Court subsequently clarified "whether, and if so, how, a trial court may retain jurisdiction after a dismissal for purposes of enforcing a settlement agreement" in *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 22. *Infinite Solutions* holds that a "trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Id*. at ¶ 34.

{¶14} The dismissal entries at issue in the instant case do not incorporate the terms of the settlement agreement nor do they expressly retain jurisdiction to enforce the agreement. The July 14, 2011 journal entry dismissing Chase's claims states in its entirety as follows: "On July 8, 2011, Plaintiff notified the court of a forbearance plan.

Pursuant to the court's standing case management directive, the case is dismissed without prejudice at plaintiff's costs. Final." Keys's July 25, 2011 notice of dismissal of her counterclaim states as follows: "Now comes Defendant Michelle Keys, Individually and as Administratrix of the Estate of Dolores Thomas, by and through her counsel, and pursuant to Civil Rule 41(A) hereby dismisses her Counterclaim against Plaintiff, without prejudice, and with the right to re-file."

{¶15} *Infinite Solutions* was decided on March 25, 2015, which is after the notice of appeal was filed in the case at hand. Therefore *Keys I*, which determined that "the trial court retained jurisdiction to hear Keys's motion to enforce the settlement agreement," as well as the trial court's September 19, 2014 ruling on remand, were based on the law in this district prior to *Infinite Solutions*. *Keys I* relied on the notion of "conditional dismissals" as explained in *Berger v. Riddle,* 8th Dist. Cuyahoga Nos. 66195 and 66200 (Aug. 18, 1984). However, in *Infinite Solutions* at ¶ 34, the Ohio Supreme Court overruled *Berger* and held that "we disavow reliance upon the conditional/unconditional dichotomy to determine whether a trial court has jurisdiction to enforce a settlement agreement following dismissal."

{¶16} Therefore, we must apply *Infinite Solutions* and find that the court lacked jurisdiction over the settlement agreement in the instant case. When a court lacks subject matter jurisdiction, its judgment is void ab initio, and a void judgment may be challenged at any time. *See generally Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. *See also OTT Equip. Servs. v. Summit Auto. Equip.*, 9th Dist. Summit No.

27534, 2015-Ohio-4263, ¶ 16 (finding that *Infinite Solutions* rendered the trial court's September 5, 2014 ruling on a motion to enforce settlement agreement void).

**{¶17}** Accordingly, we vacate the judgment of the trial court for lack of jurisdiction, and render both of Keys's assigned errors moot.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER , P.J., and
MELODY J. STEWART, J., CONCUR

KEY WORDS: Court lacked jurisdiction over motion to enforce settlement agreement, because dismissal entries did not incorporate terms of the agreement nor did they expressly retain jurisdiction to enforce the agreement.