[Cite as *State v. Kirk*, 2016-Ohio-6970.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
)ss:              NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 15CA010896 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARIO KIRK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 97CR050996 |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2016

---

MOORE, Presiding Judge.

{¶1}   Defendant, Mario D. Kirk, attempts to appeal from the November 17, 2015 judgment of the Lorain County Court of Common Pleas.  This Court vacates the judgment.

I.

{¶2}   In 1997, Mr. Kirk was indicted on charges of possession of cocaine, tampering with evidence, possession of marijuana, possession of drug abuse paraphernalia, no operator's license, and driving while under suspension.  After Mr. Kirk pleaded guilty to the charges, the trial court imposed sentence.

{¶3}   In 2008, Mr. Kirk filed a motion to seal his record pursuant to R.C. 2953.32.  The trial court denied the motion on the basis that Mr. Kirk was not statutorily eligible to have his record sealed.  In 2013, Mr. Kirk again moved the trial court to seal his record under R.C. 2953.32.  On October 11, 2013, the trial court denied the motion again on the basis that Mr. Kirk was not eligible to have his record sealed.  Mr. Kirk then moved the trial court to reconsider his

motion and/or to clarify its order as to why the court found him to be ineligible for sealing his record. The State then responded in opposition to the motion, and Mr. Kirk filed a reply.

{¶4} After hearing arguments on this matter, the trial court denied Mr. Kirk's "motion to expunge records" in a journal entry dated November 17, 2015. Mr. Kirk appealed from the November 17, 2015 judgment, and he now presents two assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT'S INTERPRETATION OF OHIO'S SEALING OF RECORDS STATUTE LED TO AN UNCONSTITUTIONAL DENIAL OF EQUAL PROTECTION[.]

### ASSIGNMENT OF ERROR II

AN INDIVIDUAL CANNOT BE DENIED THE SEALING OF A RECORD BASED ON IDENTICAL OFFENSE CONDUCT THAT OTHERS MAY GET SEALED.

{¶5} In his assignments of error, Mr. Kirk argues that the trial court erred in denying his motion to seal. We are unable to reach the merits of Mr. Kirk's assignments of error because he has appealed from a nullity.

{¶6} As set forth in our recitation of the facts above, in 2013, Mr. Kirk filed his most recent motion for the trial court to seal his record under R.C. 2953.32. On October 11, 2013, the trial court denied the motion on the basis that Mr. Kirk was ineligible. Mr. Kirk did not appeal the October 11, 2013 decision. Instead, on January 17, 2014, Mr. Kirk filed a motion asking the court to reconsider its October 11, 2013 judgment and/or clarify the basis on which it found Mr. Kirk to be ineligible to have his record sealed. Although the trial court's entry dated November 17, 2015 purported to deny Mr. Kirk's "motion to expunge records[,]" there was no such motion

before the court, as the court had already ruled on Mr. Kirk's most recent motion to seal on October 11, 2013. Instead, the trial court appears to have been denying the "motion for reconsideration and/or clarification" of its October 11, 2013 decision.

{¶7} A motion to reconsider after a final judgment is a nullity, and all judgments from such motions to reconsider are nullities. *Tucker v. Dennis Baughman Co., Ltd.*, 9th Dist. Summit Nos. 26620, 26635, 2014-Ohio-2040, ¶ 7; *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also In re Estate of Lilley*, 12th Dist. Warren Nos. CA99-07-083, CA99-07-088, CA99-07-084, CA99-07-087, 1999 WL 1239470, *3 (Dec. 20, 1999) (motions to clarify are nullities).

{¶8} Accordingly, Mr. Kirk's motion to reconsider and/or clarify and the November 17, 2015 judgment that amounted to a ruling on that motion were nullities. "While this Court lacks jurisdiction to consider nullities, we have inherent authority to recognize and vacate them." *Trogdon v. Beltran*, 9th Dist. Lorain No. 13CA010446, 2015-Ohio-1256, ¶ 6, quoting *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7; *Ott Equip. Servs., Inc. v. Summit Automotive Equip.*, 9th Dist. Summit No. 27534, 2015-Ohio-4263, ¶ 16. Accordingly, we vacate the November 17, 2015 judgment of the trial court.

III.

{¶9} The November 17, 2015 judgment of the Lorain County Court of Common Pleas is vacated.

Judgment vacated.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT


WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.