[Cite as *Francis v. Akron Metro. Hous. Auth.*, 2018-Ohio-4979.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROGER FRANCIS

     Appellant

     v.

AKRON METROPOLITAN HOUSING
AUTHORITY

     Appellee

C.A. No.     28738

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     CVR 1600001

DECISION AND JOURNAL ENTRY

Dated: December 12, 2018

---

TEODOSIO, Judge.

**{¶1}** Mr. Roger Francis appeals the order of the Barberton Municipal Court entered on June 13, 2017. We dismiss for lack of jurisdiction.

**{¶2}** Mr. Francis initiated this matter in the Barberton Municipal Court by filing a request for emergency rental escrow in October 2016. On April 25, 2017, a magistrate's order was issued to release the escrowed rent to Mr. Francis, and on May 8, 2017, the trial court adopted the magistrate's order and entered judgment. The trial court's docket entry listing indicates that notice pursuant to Civ.R. 58(B) was issued to the parties on May 9, 2017.

**{¶3}** A document dated May 9, 2017, and time-stamped on May 10, 2017, was filed by Mr. Francis "pursuant to Civ. R. 53 (D)(3)(b)," and purported to be "an appeal to the 'Release Of Funds With Prejudice', [sic] tied to Magistrate Peck's 4/25/17 filing * * *." We note that Civ.R.53(D)(3)(b) sets forth the procedures for filing objections to a magistrate's decision. On May 10, 2017, the trial court denied Mr. Francis' "'appeal' (or objection to the Magistrate's

order) * * *," and stated that the magistrate's order "approved and adopted on May 8, 2017, shall remain in effect." Two documents captioned as "requests for reconsideration" were filed by Mr. Francis and his wife on June 6, 2017, and June 7, 2017. The trial court denied the requests on June 12, 2017, and June 13, 2017, respectively.

{¶4} On July 17, 2017, Mr. Francis filed a document captioned as an "Appeal Submission." The document, addressed to the trial court judge, requests submission to the Ninth District Court of Appeals for the appeal of the trial court's June 13, 2017, order. On July 31, 2017, Mr. Francis filed a notice of appeal "from the final judgment entered in this action on June 13, 2017."

{¶5} It is well-established that "[a] motion to reconsider after a final judgment is a nullity, and all judgments from such motions to reconsider are nullities." *State v. Kirk*, 9th Dist. Lorain No. 15CA010896, 2016-Ohio-6970, ¶ 7. *See also Tucker v. Dennis Baughman Co.*, 9th Dist. Summit Nos. 26620 and 26635, 2014-Ohio-2040, ¶ 7. The order of June 13, 2017, from which Mr. Francis appeals, and as specified in his notice of appeal, was a nullity, as were the two motions for reconsideration. We conclude the trial court's order of June 13, 2017, denying Mr. Francis' motion for reconsideration was not a final, appealable order, and therefore, this Court is without jurisdiction. *See Finley & Sons Builders, Inc. v. Cross*, 9th Dist. Summit No. 23738, 2007-Ohio-7037, ¶ 5.

{¶6} Even if we were to construe this appeal as relating to the trial court's final, appealable order entered on May 8, 2017, or to the order of May 10, 2017, which denied Mr. Francis' objection to the magistrate's decision, we would not have jurisdiction. Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Under App.R.

4(B)(2)(c), if a party files "timely and appropriate" objections to a magistrate's decision, "then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings."

{¶7} Although the timely and appropriate filing of objections to a magistrate's decision tolls the time for filing a notice of appeal under App.R. 4(B)(2)(c), there is no such provision to allow for the tolling of time upon a motion for reconsideration. Furthermore, as noted above "[a] motion to reconsider after a final judgment is a nullity, and all judgments from such motions to reconsider are nullities." *Kirk* at ¶ 7. Mr. Francis filed his notice of appeal on July 31, 2017, and therefore failed to file it within 30 days of a final, appealable order.

{¶8} Mr. Francis' attempted appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ROGER FRANCIS, pro se, Appellant.

JAMES D. CASEY, Attorney at Law, for Appellee.